FILED
MAR 23 2010
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY DEPUTY CLERK

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

**SACRAMENTO DIVISION**

FRESHPOINT CENTRAL CALIFORNIA, INC., a California corporation,

Plaintiff,

vs.

C.J.K. ASSOCIATES, LLC, a California limited liability company; DAVID G. KNOX, an individual; TODD KNOX, an individual; and MICHAEL PETTIT, an individual,

Defendants.

Case No. 2:10-cv-00507-FCD-EFB

**TEMPORARY RESTRAINING ORDER**

This matter is before the Court upon plaintiff's Application With Notice for Temporary Restraining Order pursuant to Rule 65 of the Federal Rules of Civil Procedure. Defendants were given notice of the Application and hearing date. They have not appeared in the action nor filed any written submissions in opposition to plaintiff's Application. After careful

consideration of the record, the Court makes the following findings of fact and conclusions of law.

**FINDINGS OF FACT**

1. Freshpoint Central California, Inc., Inc. ("plaintiff") is a dealer in perishable agricultural commodities, i.e., produce, and is licensed under the provisions of the Perishable Agricultural Commodities Act (PACA), 7 U.S.C. §499a et. seq.

2. C.J.K. Associates, LLC, purchased wholesale quantities of produce and is a dealer as that term is defined by the PACA, and is subject to license under the PACA as a dealer.

3. Defendant David G. Knox, Todd Knox and Michael Pettit were in direct control of all operations of C.J.K. Associates, LLC during the period of time in question, and were in positions to control the PACA trust assets belonging to plaintiff.

4. Between July 21, 2009 and December 9, 2009, plaintiff sold and delivered to defendant C.J.K. Associates, LLC in interstate commerce, wholesale amounts of produce in the amount of $106,103.54.

5. Plaintiff has not been paid any monies by defendants for the $106,103.54 worth of commodities that it sold to defendants. Defendants have sold the assets of the corporation without paying plaintiff and plaintiff has been unable to contact defendants.

6. Defendants are failing to comply with their statutory duties under 7 U.S.C. §499e(c) to hold the aggregate amount of $106,103.54 in trust for benefit of plaintiff and to pay said sum to plaintiff.

/////

**CONCLUSIONS OF LAW**

1. A debt of $106,103.54 to plaintiff is owed for produce delivered to defendant C.J.K. Associates, LLC.

2. Plaintiff is a beneficiary of the trust required to be maintained by defendants under 7 U.S.C. §499e(c) and the enabling regulations at 7 CFR 46.46 in the unpaid, qualified aggregate amount of $106,103.54.

3. The likelihood of irreparable harm to plaintiff is great because absent injunctive relief, defendants will continue to violate their statutory duties, resulting in dissipation of trust assets that will be difficult or impossible to recover.

4. There is little harm to defendants in granting an injunction, which only requires defendants to do that which they are required to do under the statute, i.e., maintain the trust required by statute.

5. The public interest is furthered by the granting of a temporary restraining order. The statute itself states that the trust law was established to benefit the public interest which had suffered due to nonpayment for produce.

6. The Court has determined that the bond requirements of FRCP 65(c) are not applicable to this case because defendants already have $106,103.54 worth of trust assets from plaintiff as security for the issuance of this Order.

Based on the foregoing, the Court finds that the plaintiff will suffer immediate irreparable injury in the form of a loss of trust assets unless this order is granted.

Therefore, it is by the United States District Court for the Eastern District of California:

**ORDERED, ADJUDGED AND DECREED** that defendants, their customers, agents, officers, subsidiaries, assigns, banking institutions and related entities, shall not alienate, dissipate, pay over or assign any assets of C.J.K. Associates, LLC or its subsidiaries or related companies except for payment to plaintiff until further order of this Court or until defendants pay plaintiff the sum of $106,103.54 by cashier's check or certified check at which time the Order is dissolved. Such assets include those defined in 7 U.S.C. § 499a, et seq..

Bond shall be waived in view of the fact that defendants now hold $106,103.54 of plaintiff's assets.

This Temporary Restraining Order is entered this 23rd day of March, 2010, at 10 a.m. A hearing on plaintiff's Motion for Preliminary Injunction is set for the 1st day of April, 2010 at 8:30 a.m. Plaintiff shall submit briefing in support of the motion no later than 5:00 p.m. on Friday, March 26, 2010. Defendants shall submit their opposition, if any, to the motion no later than 5:00 p.m. on Monday, March 29, 2010. Plaintiff may file a reply by 12:00 p.m. on Wednesday, March 31, 2010. Plaintiff shall forthwith serve defendants and their counsel with a copy of this Order.

United States District Judge